UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFF WITHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00261-LEW |
| | ) | |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| et. al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 3; Order, ECF No. 5.) In accordance with the statute that governs actions in which a plaintiff is permitted to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, because Plaintiff is currently in jail, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## STANDARD OF REVIEW

In accordance with § 1915, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff, who is evidently a pretrial detainee in Hancock County, alleges the defendants, which consist of the local district attorney's office and an animal control officer, have violated his constitutional rights in connection with the commencement and prosecution of state court criminal matters.

Plaintiff has not identified the constitutional provision upon which he relies nor alleged a specific theory of recovery. To the extent he contends the assistant district attorney referenced in his complaint has improperly initiated criminal charges against him, Plaintiff's claim would fail.

As the United States Supreme Court has explained, prosecutors have wide discretion when deciding whether to initiate a prosecution:

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute." *United States v. Goodwin,* 457 U.S. 368, 380, n. 11 (1982); accord, *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248 (1980). "[S]o

>long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Wayte v. United States*, 470 U.S. 598, 607 (1985). *See also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts."); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."). The broad discretion exercised by prosecutors is subject only to a prohibition against "selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler*, 368 U.S. at 456).[1] Plaintiff has failed to assert any facts that would suggest that the assistant district attorney's decisions were not within her broad discretion.

Furthermore, a prosecutor is entitled to immunity against civil liability for the decision whether to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy,* 977 F.2d 37, 40 (1st

---

[1] The Supreme Court has noted that "[i]n particular, the decision to prosecute" is subject to equal protection constraints. *Wayte v. United States*, 470 U.S. 598, 608 (1985) (reviewing district court's dismissal of an indictment on equal protection grounds). Plaintiff, however, has asserted no facts that would support an equal protection claim.

Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect—independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so."). Plaintiff has not alleged a claim against the district attorney's office or the assistant district attorney upon which he could prevail.

To the extent Plaintiff raises claims that do not implicate prosecutorial immunity, his claims against the district attorney's office/assistant district attorney and against the animal control officer would be barred under the doctrine of abstention that prohibits interference with ongoing state court proceedings. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts ordinarily abstain from the exercise of jurisdiction when an individual seeks relief in federal court from "state criminal matters" or "civil enforcement proceedings," as long as there is an adequate opportunity to raise federal constitutional challenges in state court. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013); *see also*, *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Based on Plaintiff's allegations, the criminal matters referenced in Plaintiff's complaint are apparently currently pending in state court. Because Plaintiff has not alleged any facts to suggest that he does not have an adequate opportunity to assert federal constitutional claims or arguments in state court, abstention is appropriate

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of August, 2023.