UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFF WITHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00261-LEW |
| | ) | |
| DISTRICT ATTORNEY'S OFFICE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION

The matter is before the Court on the Magistrate Judge's Recommended Decision of August 3, 2023 (ECF No. 8). Due to an improper appeal of the Recommended Decision (see ECF No. 9), this Court's jurisdiction was suspended pending action by the U.S. Court of Appeals for the First Circuit on Plaintiff's appeal and the return of its mandate to this Court. On September 25, 2024, the First Circuit dismissed the appeal (ECF No. 17). The First Circuit returned its mandate on October 17, 2024 (ECF No. 18).

In the Recommended Decision, the Magistrate Judge recommends that the Court dismiss Plaintiff's pro se Complaint as an improper attempt to have the United States District Court evaluate and/or enjoin an action on the part of state prosecutors associated with Plaintiff's pretrial incarceration on state charges and/or on the part of state animal control officers associated with certain civil matters related to Plaintiff's unattended dogs. Defendants have not appeared in this matter.

Plaintiff opposes (ECF No. 15) the Recommended Decision. He explains that the state charges went to trial and are no longer pending, but he does not indicate that he was acquitted of the charges or that his conviction was reversed on appeal. Plaintiff asks for an award of damages against the prosecutor pursuant to 42 U.S.C. § 1983 based on her alleged prosecutorial misconduct. As for the Animal Control Defendant, Plaintiff simply asks that the Court dismiss any "civil tickets" related to his dogs.

As explained in the Magistrate Judge's Recommended Decision, to the extent Plaintiff complains of pending tickets, a federal court rule of abstention prevents a United States District Court from interfering with state enforcement proceedings so long as Plaintiff can raise his claim of harassment and vindictiveness in the state court, through judicial review, which is something he can do in Maine state court. Recommended Decision at 5 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Based on my review of Plaintiff's pleadings, it is not clear whether there is an enforcement proceeding underway. Plaintiff simply asks the Court to dismiss the tickets issued by Animal Control. However, even if an enforcement proceeding is not underway, Plaintiff fails to allege any non-conclusory facts that would support a finding that Animal Control issued tickets to retaliate against Plaintiff for his filing of a complaint or grievance against the state prosecutor. For this independent reason he fails to allege a non-speculative First Amendment retaliation claim. Nor is it apparent what other constitutional right Plaintiff was deprived of based on his mere receipt of one or more tickets related to his dogs. While Plaintiff may be unable to respond to any concerns involving his dogs while he is incarcerated, that does not mean that issuing a ticket to him is a form of harassment; it could be appropriate for Animal

2

Control to issue him tickets even if he is incarcerated, and Plaintiff does not appear to contend that nothing has been amiss in regard to the keeping of his dogs during his incarceration. This simply is not enough to justify a federal lawsuit over animal control tickets.

In addition, to the extent Plaintiff complains of incarceration following a state court conviction on allegedly unjustified charges or due to prosecutorial misconduct—a concern the Magistrate Judge did not consider due to the lack of clarity of Plaintiff's pleadings—the proper means of challenging a state court conviction is by appeal to a higher state court and, if necessary, the United States Supreme Court. Access to the United States District Court on such a claim requires a showing "that that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, unless Plaintiff was acquitted at trial, he has no viable § 1983 cause of action to assert against the prosecutor until his conviction has been invalidated by one of these means or unless it can be made plain that the Plaintiff's allegations against the prosecutor do not call into question the validity of his conviction. *Id.* at 486-87, 489. Plaintiff's allegations do not suggest that he was acquitted and do appear to challenge the validity of the charges brought against him in state court. Consequently, based on the available allegations it does not appear that Plaintiff has stated a viable § 1983 claim against the prosecutor.

In summary, I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision and for the supplemental reasons set forth herein, and determine that no further proceeding is necessary. The Recommended Decision (ECF No. 8) is AFFIRMED.

Because, by all appearances, Plaintiff's claims in this case are barred by a combination of *Younger* abstention and the *Heck* bar, and because Plaintiff's request for dismissal of animal control tickets does not state a federal claim, his Complaint will be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

SO ORDERED.

Dated this 22nd day of October, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge